## Town of Kevil v. Nuckols.

(Decided April 27, 1923.)

### Appeal from Ballard Circuit Court.

1. Municipal Corporations—Statute Requiring Recorded Vote of Town Trustees Does not Apply to Ordinance Directing Construction of Sidewalks.—Ky. Stats, section 3699, providing that no ordinance incurring a liability or requiring an appropriation exceeding $50.00 shall be valid, unless the yeas and nays be entered upon the jour-

nal, does not apply to ordinances, directing property owners to construct sidewalks, so that such ordinances passed by a viva voce vote are valid.

2. Municipal Corporations—Nugatory Portion, Erased from Ordinance After Adoption, Held Immaterial.—In an ordinance requiring property owners to construct sidewalks in front of their premises, portions, therein relating to premises in front of which sidewalks had already been constructed are nugatory, so that the erasure of such portions from the ordinance after its adoption did not affect the rights of other property owners therein specified.

3. Municipal Corporations—Mutilation of Ordinance After Valid Adoption Cannot Invalidate it.—The fact that a municipal ordinance, after it had been legally adopted, was mutilated by erasure by some member of the council does not affect the validity of the ordinance as it was originally passed.

4. Municipal Corporations—Any Recovery not Denied Because Cost of Sidewalk Exceeded Authorized 50 Per Cent of Value of Property.—The fact that the cost of construction of a sidewalk exceeded the limit fixed by Ky. Stats, section 3706, of 50 per cent of the value of the ground after the improvements were made, did not warrant the denial of any recovery by the town for such improvement, but the town is entitled to a lien to the extent of that limit.

J. B. WICKLIFFE for appellant.

M. C. ANDERSON and H. F. TURNER for appellee

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

The board of trustees of the town of Kevil, which is of the sixth class, on September 3, 1919, passed an ordinance directing the owners of lots 3 to 11, inclusive, in block 1, abutting on South Main street, and lots 1 to 7, inclusive, in block 23, abutting on the same street, to construct concrete sidewalks in front of their property of not less than four feet in width. On June 1, 1920, a similar ordinance was passed applicable to the West side of Wallace avenue, between North Main street and the north end of Wallace avenue.

Appellee is the owner of several lots in the two sections of the town embraced in the ordinances. He refused to construct walks in front of his lots, and the town had the work done, and, after paying for it, filed this action in the Ballard circuit court, seeking a lien on the lots for the costs of the improvements. Appellee contested the suit, claiming that the ordinances were invalid, that the contract of construction was not let as required by law, and that the cost of construction exceeded fifty per cent.

of the value of the lots, exclusive of the improvements thereon before the property was improved. These defenses were put in issue, proof was taken, and the trial court rendered judgment dismissing the petition.

On this appeal it is argued for appellee that the judgment should be affirmed because the evidence does not show that the ordinances under which the improvements were made were duly and regularly passed. The copies of the ordinances filed with the petition are *prima facie* evidence of their regularity. They are attacked, however, on the ground that they were passed by a *viva voce* vote, it being the contention of appellee that under section 3699 of Kentucky Statutes it was necessary to pass them by an aye and no vote. That part of the section relied on provides that "no ordinance incurring a liability, or requiring an appropriation of exceeding fifty dollars ($50.00) .for any one object or purpose, shall be valid, unless the same be voted for (and the yeas and nays be so entered upon the journal) by four members of the board." The evidence shows that the two ordinances were adopted by a *viva voce* vote, though it appears that the vote was recorded by the clerk. Clearly this section of the statutes has no application to the ordinances. It relates to ordinances involving expenditures or appropriations made by the city and not to ordinances directing that property owners construct sidewalks. This question was decided in Eisenschmidt v. Ader, 185 Ky. 280, where it was held that the board of trustees of a town of the sixth class has full power to construct or reconstruct sidewalks at the expense of owners of abutting property by ordinance or resolution. It is apparent, therefore, that appellee's contention on this feature of the case cannot be sustained.

But it is insisted that one of the ordinances is invalid because there was evidence tending to show that it was changed after its adoption, and that the copy filed with the petition is not identical with the ordinance as originally passed. The evidence on this point is not clear. The clerk of the board admitted the change but testified that it was made for the purpose of excluding from the operation of the ordinance certain lots on which sidewalks had already been built. In order to do that some member of the council erased from the original ordinance that part designating the lots on which sidewalks had previously been built, leaving the ordinance intact as to the lots on which sidewalks had not been built. This proceeding,

of course, was irregular, but that part of the ordinance that was erased was in fact nugatory, since the owners of the lots had previously complied with the requirement that the ordinance imposed. The rights of appellee and other property owners who had not built sidewalks were not affected or changed by the erasure. Besides, when the erasure was made the ordinance had been passed and was the law. A subsequent mutilation of it could not affect its validity. That it was valid as originally passed we have no doubt. It was definite and specific as to the character of sidewalks that were to be constructed. Both ordinances appear to have been adopted by the unanimous vote of the board, and an adoption by an aye and no vote not being necessary, it is our opinion that they are valid.

The trial court did not pass on the question as to whether the assessments for the improvements exceeded fifty per cent. of the value of the ground after the improvements were made, excluding the value of the buildings and other improvements on the property improved. The case does not seem to have been fully prepared on that issue. The judgment, however, is erroneous in that it denies appellant any right of recovery. On the return of the case the court, within the limit fixed by section 3706 of Kentucky Statutes, will adjudge a lien against the several lots for the respective costs of the improvements made thereon.

The judgment is reversed and the cause remanded for proceedings consistent herewith.