## Town of Kevil v. Hawthorne.

(Decided November 7, 1924.)

### Appeal from Ballard Circuit Court.

1. Municipal Corporations—No Defense to Action to Foreclose Lien for Sidewalks that Debt Exceeds 50 Per Cent. of Value of Lots.—It was no defense to an action by city to foreclose lien for sidewalks that lien debt was in excess of 50 per cent. of value of lots.

2. Municipal Corporations—Ordinance Held Not Invalid for Method of Keeping Record.—Where order of city of sixth class designating street to be improved by construction of sidewalk was regularly entered upon minute books of city council, but ordinance passed in pursuance thereof was not so entered because book used for recording ordinances had been filled with such ordinances, and no new book had been obtained by city, and when ordinance was passed copy of it was filed in book but not entered thereon, ordinance was valid.

3. Municipal Corporations—Strictness in Keeping Records Not Required of Cities of Sixth Class.—Same strictness in keeping records is not required of cities of the sixth class as of larger municipalities having greater facilities for making and protection of records.

4. Municipal Corporations—Failure to Call Names of Councilmen and Record Votes Held Not to Vitiate Ordinance for Sidewalk.— Sidewalk ordinance was not vitiated by failure of clerk to call names of members of city council and thus allow them to vote for or against motion and have their votes recorded as cast; it being sufficient that municipal book showed that certain councilmen constituting a majority voted aye.

5. Municipal Corporations—That Lots were of Less Value than Improvement did Not Render them Not Liable to Extent of 50 Per Cent of Value.—That lots in city of sixth class were of less value than cost of sidewalk improvement did not render them not liable for cost to extent of 50 per cent, of their value, in view of Ky. Stats., section 3706.

J. B. WICKLIFFE for appellant.

M. C. ANDERSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

Kevil, a city of the sixth class, instituted this action
in the Ballard circuit court against appellee Hawthorne
to enforce a statutory lien against two building lots
owned by Hawthorne in that town, and to collect $84.00,
the cost of a sidewalk built in front of and abutting on
the lots. In the petition it was averred that the board
of trustees of the town had duly and regularly passed an
ordinance requiring the construction of a concrete side-
walk, four (4) feet wide, along the north side of North
Main street, fronting and abutting appellee's property;
that appellee declined to construct the sidewalk in ac-
cordance with the order of the city council and that the
city let the contract to the lowest and best bidder, caused
the sidewalk to be built and paid the contractor for the
job when it was completed and accepted; that the amount
thus expended was $84.00, $42.00 on each lot; that the
lots were worth a sum greatly in excess of the amount of
the lien, and that fifty per cent (50%) of the merchant-
able value of the lots was more than enough to satisfy
the lien. A general demurrer was sustained to the origi-
nal petition with leave to amend. With the amended
petition was filed a copy of the ordinance, passed by the
city, reading:

> It shall be further provided that if any one or all
> the property owners mentioned in section 1 of this
> ordinance fail or refuse to build said walks within
> the time provided in section 1, the town of Kevil,
> Kentucky, shall have said walks built and charge
> the cost thereof against the respective lots and it
> shall constitute a *first lien* on the property."

Previous to the passage of the ordinance a brief re-
solution designating the street to be improved by a con-
struction of a sidewalk was passed at a regular meeting
of the council by a majority of that body, and signed by
the chairman of the board and by the clerk. The answer
traversed the material averments of the petition and af-
firmatively pleaded that the lots against which the city
sought to enforce its lien were of less value than the lien
debt; that the lien debt was in excess of fifty per cent of
the value of the lots, and prayed a dismissal of the peti-
tion. A general demurrer was overruled to the answer
and each paragraph thereof. This was error. The sec-

ond paragraph of the answer did not state facts sufficient to constitute a defense. The demurrer should have been sustained to it. Town of Kevil v. Nuckols, 198 Ky. 798.

When the cause was submitted upon its merits to the court judgment was entered dismissing the petition absolutely and adjudging the cost against the city. In the judgment it is recited: "It is further adjudged that the court on the trial of this case excluded all testimony where the witnesses undertook to testify what the records of the town showed."

It is the contention of appellee Hawthorne that the ordinance under which the sidewalk in question was constructed was invalid because not passed and validated in the manner required by statute. From the oral evidence given upon the trial and made a part of the transcript, it appears that the two lots were worth from $100.00 to $125.00, and that there was no improvement on them. Copies of the ordinance and resolution were filed and made a part of the record. The order or resolution, designating the street to be improved by the construction of the sidewalk, was regularly entered upon the minute books of the city council but the ordinance copied above was not so entered for the reason that the book used for recording ordinances had been filled with such ordinances and no new book had been obtained by the city. The ordinance book was different from the book on which the minutes were kept. When the ordinance in question was passed, a copy of it was filed in the book but not entered thereon. While this was a loose and unsafe way of keeping records, the ordinance was not invalid for this reason. The same strictness in keeping records is not required of cities of the sixth class as of larger municipalities having greater facilities for the making and protection of records. Martin v. City of Greenville, 145 Ky. 649; Harrison v. City of Greenville, 146 Ky. 97; Meacham Contracting Co. v. Kleiderer, 146 Ky. 441; Spalding, et al. v. City of Lebanon, 156 Ky. 37.

We, therefore, conclude that the ordinance under which the sidewalk was constructed was not invalid on account of the minor irregularities by which it was passed the city council.

It is further insisted, however, that the vote on the ordinance was not properly taken and recorded. The minute book shows that when the motion was made and seconded to build the sidewalk along north Main street and vote was taken and "those voting aye: A. J. Russell,

W. C. Harrelson, A. T. Boyd, and C. L. Meyers." This was a majority of the city council. There were no votes recorded against the resolution, and ordinance. It, therefore, carried. While the names of the members of the council should have been called and thus allowed to vote for or against the motion and have their votes recorded as cast, the failure of the clerk to so proceed did not vitiate the ordinance.

"On this appeal it is argued for appellee that the judgment should be affirmed because the evidence does not show that the ordinances under which the improvements were made were duly and regularly passed. The copies of the ordinances filed with the petition are *prima facie* evidence of their regularity. They are attacked, however, on the ground that they were passed by a *viva voce* vote, it being the contention of appellee that under section 3699 of Kentucky Statutes it was necessary to pass them by an aye and no vote. That part of the section relied on provides that 'no ordinance incurring a liability or requiring an appropriation of exceeding fifty dollars ($50.00) for any one object or purpose shall be valid, unless the same be voted for (and the yeas and nays be so entered upon the journal) by four members of the board.' The evidence shows that the two ordinances were adopted by a *viva voce* vote, though it appears that the vote was recorded by the clerk. Clearly this section of the statutes has no application to the ordinances. It relates to ordinances involving expenditures or appropriations made by the city and not to ordinances directing that property owners construct sidewalks. This question was decided in Eisenschmidt v. Ader, 185 Ky. 280, where it was held that the board of trustees of a town of the sixth class has full power to construct or reconstruct sidewalks at the expense of owners of abutting property by ordinance or resolution. It is apparent, therefore, that appellee's contention on this feature of the case cannot be sustained." Town of Kevil v. Nuckols, 198 Ky. 799.

There is no merit in appellee's contention that the lots being of less value than the cost of the improvement were not liable for the cost to the extent of fifty per cent of their value. We so held in the town of Kevil v. Nuckols, *supra.*

Under the provisions of section 3706, Kentucky Statutes, which is a part of the charter of cities of the Sixth class, the city council has the right to order the construction and reconstruction of sidewalks along its streets and to charge the cost thereof against the abutting property. The ordinance above copied provides for a lien on the property and to assess the cost of the improvement against the owner of the lots. While there were many irregularities in the introduction and passage of the ordinance providing for the improvement of the streets by construction of the sidewalk in question, we are constrained to hold, under our liberal rule, with respect to sixth class cities, that the statutes governing the powers of the board of trustees of such towns were substantially complied with and the ordinance should be upheld, for which reason the judgment is reversed for proceedings consistent herewith.

Judgment reversed.