CITY OF CRESTON, a municipal corporation, appellee, v. CENTER MILK PRODUCTS COMPANY, a corporation, appellant.

No. 47998.

(Reported in 51 N.W.2d 463)

FEBRUARY 5, 1952.

REHEARING DENIED APRIL 4, 1952.

Thos. E. Mullin and J. D. Reynolds, both of Creston, for appellant.

Marshall F. Camp, city solicitor, of Creston, for appellee.

OLIVER, J.—I.  The petition alleged defendant was operating a milk station at a specified location in a residence district in Creston in violation of City Ordinance No. 401, commonly known as the zoning ordinance.  Defendant answered the ordinance was void because it was never published as required by statute, in that the boundaries of the several districts or zones were located only by reference to a map which was not published.

For convenience references herein will be made to Code of Iowa 1950, rather than the 1927 Code which was current when the ordinance was adopted.

Section 366.7, Code of Iowa 1950, provides:

"Publication.  All ordinances of a general or permanent nature, and those imposing any fine, penalty, or forfeiture, shall be published in some newspaper published and of general circulation in the city or town * * *.  When the ordinance is published in a newspaper it shall take effect from and after its publication * * *."

Section 2 of the Zoning Ordinance provides:

"(a) The City of Creston is divided into Residence, Business and Industrial Districts.

"(b) The various districts and their boundaries are hereby established as shown on the Zoning Map which is on file in the Mayor's office in the City Hall, and which with all its designations is hereby declared to be a part of this ordinance.

"(c) The boundaries of the various districts established by

this ordinance are street lines, alley lines, property lines, or other lines shown on the Zoning Map * * *."

The record shows that in 1929 the city engineer furnished the zoning commission of Creston a map of the city and assisted in the work of determining the various zones, etc. The statutes governing Municipal Zoning, now chapter 414, Code of Iowa 1950, were in effect at that time. In accordance therewith the zoning commission made its preliminary report to the city council, recommending the boundaries of the districts and the proposed zoning ordinance thereto attached, and published notice of a public hearing upon the report, to be held February 5, 1930. Following this hearing the commission delivered the zoning map to the city engineer with the zones outlined. He tinted the map to show the zones in different colors and returned it to the commission.

Shortly thereafter the commission filed its final report with the city council. The zoning map was hung in the open in the office of the mayor in the city hall. This room was also the office of the city clerk. At the time of the trial the clerk's book of minutes of the council meetings for this period had been lost and could not be found and there was no evidence concerning the action taken by the council when the final report and zoning map were received. However, the record shows the city clerk, March 18, 1930, published a notice reciting the commission had submitted its final report recommending the boundaries to the proposed district, regulations and restrictions and that a public hearing in relation to such boundaries, regulations and restrictions would be held at the council chamber April 7 at 8 p. m. It may be fairly inferred the council directed the giving of this notice and that prior thereto it had approved the proposed ordinance and zoning map. April 21, 1930, the city council enacted the ordinance without change in the zoning map or any of the proposed provisions. Thereafter the ordinance was published.

Plaintiff contends the reference in the published ordinance to the zoning map "on file in the Mayor's office in the City Hall, and which * * * is * * * a part of this ordinance" sufficiently complied with Code section 366.7. The sufficiency of such a publication has never been determined by this court. Among authorities cited by plaintiff or tending to support its position are:

City of Tucson v. Stewart, 45 Ariz. 36, 40 P.2d 72, 96 A. L. R. 1492; City of Napa v. Easterby, 76 Cal. 222, 18 P. 253; 2 Abbott on Municipal Corporations (1905 Ed.) at page 1332; Village of Northport v. Walsh, 241 App. Div. 683, 269 N. Y. S. 966, affirmed 265 N. Y. 458, 193 N.E. 270. Village of Williston Park v. Israel, 191 Misc. 6, 9, 76 N. Y. S.2d 605, 607, 608, discusses the factual situation and holding in the Northport case.

Defendant contends the ordinance never took effect because a copy of the zoning map was not published and that the reference to the map in the published ordinance was insufficient because the map was not a previously established public record. Defendant cites Village of Durand v. Love, 254 Mich. 538, 236 N.W. 855; Thompson Scenic Ry. Co. v. McCabe, 211 Mich. 133, 178 N.W. 662; W. H. Barber Co. v. Minneapolis, 227 Minn. 77, 34 N.W.2d 710; Sherwin v. City of Erie, 30 Pa. D. & C. R. 701; Fierst v. William Penn Memorial Corp., 311 Pa. 263, 166 A. 761; Katz v. Higson, 113 Conn. 776, 155 A. 507; Inhabitants of West Springfield v. Mayo, 265 Mass. 41, 163 N.E. 653; 37 Am. Jur., Municipal Corporations, section 163; 2 McQuillin on Municipal Corporations, Second Ed. Revised, section 736.

See also Milano v. Town of Patterson, 197 Misc. 457, 93 N. Y. S.2d 419; State v. Waller, 143 Ohio St. 409, 55 N.E.2d 654; Burmore Co. v. Smith, 124 N. J. L. 541, 12 A.2d 353, 355; McKann v. Town of Irvington, 133 N. J. L. 575, 45 A.2d 494; City of Hazard v. Collins, 304 Ky. 379, 200 S.W.2d 933; Berrata v. Sales, 82 Cal. App. 324, 255 P. 538; 62 C. J. S., Municipal Corporations, section 427c(2), pages 819, 820.

The trial court found the zoning map was accepted by the city council prior to the passage of the ordinance and concluded it thus became a public record of the City, the reference to which in the published ordinance was sufficient, without publishing the map itself. However, we do not deem it necessary that this proposition be determined.

As pointed out by the trial court, the ordinance, if valid, had been in effect for twenty-one years at the time defendant assailed it. Under it the City had granted more than four hundred building permits. In general the owners and occupiers of property in Creston had relied upon its validity in dealing with and improving such property since 1930. Apparently its validity

had never been challenged in any suit prior to the present action.

For twenty-one years the public acquiesced in and permitted the exercise of authority, under the zoning ordinance, throughout the City. During this time and in reliance upon the validity of the ordinance there have been changes in conditions involving extensive property interests. An adjudication that the ordinance never took effect because of the failure to strictly comply with the statute requiring its publication after its adoption would result in much confusion and loss. Such a sacrifice should not be demanded upon merely technical grounds. Under the circumstances the doctrine of estoppel is applicable. After such long acquiescence by the public with the results above-stated, no one may contend the ordinance never took effect because of irregular publication. State ex rel. West v. City of Des Moines, 96 Iowa 521, 65 N.W. 818, 31 L. R. A. 186, 59 Am. St. Rep. 381; Central Missouri Oil Co. v. City of St. James, 232 Mo. App. 142, 111 S.W.2d 215, 219; Peerless Realty & Operating Co. v. City of Tulsa, 184 Okla. 335, 87 P.2d 118.

II. Defendant pleaded the City had not attempted to enforce the ordinance against others and that the attempted enforcement against defendant was discriminatory, improper, in contravention of the equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and section 6, Article I, of the Constitution of Iowa. The record shows merely that since the ordinance was adopted the Board of Adjustment has granted permits for certain variances or nonconforming uses. Most of these were along a street which had been changed into a through highway about 1930, resulting in its actual use for business purposes. Apparently in all cases in which permits were granted for nonconforming uses the consent of the owners of neighboring property had been secured. Whether or not the acts of the Board of Adjustment in granting permits for nonconforming uses were correct in all cases, there is nothing in the record to support the contention the City had not enforced the ordinance against others or had discriminated against defendant.

III. Rule 222 of Civil Procedure provides: "Judgment on the pleadings, etc. Any party may, at any time, on motion, have any judgment to which he is entitled under the uncontro-

verted facts stated in all the pleadings, or on any portion of his claim or defense which is not controverted, leaving the action to proceed as to any other matter of which such judgment does not dispose."

After the issues were made up defendant filed motion for judgment on the pleadings. Defendant complains that, over its objections, the trial court permitted the introduction of evidence on the motion, granted plaintiff permission to amend its pleadings and overruled the motion. Although the rule does not contemplate the introduction of evidence this procedure did not constitute reversible error under the circumstances shown in the record. Nor was the order granting plaintiff permission to amend the pleadings an abuse of the discretion lodged in the court in such matters. Defendant's motion for judgment was not good as against plaintiff's amended pleadings and the order overruling it was not erroneous.

The judgment of the trial court ordering the injunction against defendant was correct.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.