ERNEST (BUCK) THOMAS AS MAYOR OF THE CITY OF PIGGOTT, ARKANSAS, AND THE CITY COUNCIL OF THE CITY OF PIGGOTT, ARKANSAS *v.* PETE VAUGHN AND CLARENCE THOMAS

5-5459                                              463 S. W. 2d 102

Opinion delivered February 15, 1971

*Hugh W. Trantham,* for appellants.

*Lee Ward,* for appellees.

J. FRED JONES, Justice. This is an appeal by the mayor and city council of Piggott, Arkansas, from an adverse decision of the Clay County Chancery Court, Eastern District, in favor of Pete Vaughn and Clarence Thomas in connection with a zoning ordinance of the City of Piggott.

On May 7, 1962, the city council of Piggott duly adopted ordinance No. 208 consisting of 22 pages. The ordinance was published on June 2, 1962, by reference only to its title. Copies of the ordinance were placed in the mayor's office, the city clerk's office, and the circuit clerk's office, as well as various other places in the city; and three copies of the ordinance were filed with the city clerk.

The appellees, Vaughn and Thomas, each operate a repair shop in a residential district. They were arrested and threatened with prosecution for the violation of the ordinance. They filed a petition in the chancery coury for an order restraining the City of Piggott from enforcing the ordinance, and alleged in their petition that the ordinance was void and of no effect because it was not published as required by statute, Ark. Stat. Ann. § 19-2404 (Repl. 1968). The City of Piggott, through its mayor and city council, filed an answer denying that the ordinance was void for lack of publication. The answer sets out that on May 7, 1962, the council did adopt a multipage ordinance in book form designated as ordinance No. 208, and that the ordinance was duly published according to law and particularly according to § 19-2404.

On June 23, 1970, the chancellor found that the proposed ordinance No. 208 was not published in form and manner required by § 19-2404, and the City of Piggott, its agents and employees were enjoined and restrained from enforcing, or attempting to enforce the proposed ordinance. On appeal to this court the City

of Piggott relies on the following points for reversal:

> "That said ordinance 208 established rules and regulations for zoning, as required by Arkansas statute 19-2404.

> That said ordinance 208 was printed as a code in book form, as required by Arkansas statute 19-2404.

> That said ordinance 208 was published by reference to the title as required by Arkansas statute 19-2404.

> That three copies of the ordinance 208 were filed with the city clerk, as required by Arkansas statute 19-2404."

Ark. Stat. Ann. § 19-2404 (Repl. 1968) is as follows:

> "Recording and authentication—Publishing and posting—Publication by reference to code title.— All by-laws or ordinances after their passage shall be recorded in a book kept for that purpose and shall be authenticated by the signature of the presiding officer of the governing body and the clerk or recorder, and all by-laws or ordinances of a general or permanent nature and all those imposing any fine, penalty or forfeiture shall be published in some newspaper of general circulation in the corporation; provided, in incorporated towns where no newspaper is published, written or printed notice posted in five [5] of the most public places in said corporation shall be deemed a sufficient publication of any law or ordinance for incorporated towns, and it shall be deemed a sufficient defense to any suit or prosecution of such fine, penalty or forfeiture to show that no such publication was made. Provided, further, that ordinances establishing rules and regulations for zoning, construction of buildings, the installation of plumbing, the installation of electric wiring or other similar work where such rules and regulations have been printed as a code in book form, such code or provisions thereof may be published by such

municipality by reference to title of said code without further publication or posting thereof; provided, however, that not less than three [3] copies of such code shall be filed for use and examination by the public in the office of the city clerk or recorder of such municipality subsequent to the adoption thereof."

It is admitted that a notice pertaining to ordinance No. 208 was published in a Piggott newspaper; said notice being as follows:

"Ordinance No. 208
ZONING ORDINANCE
Piggott, Arkansas

An ordinance to carry out the intent and the general plan of the City of Piggott, Arkansas, adopted pursuant to the provisions of Act 186 of 1957; defining certain terms; the establishment of certain districts, setting forth permitted use and-or requirements; establishing general regulations pertaining thereto, establishing a Board of Adjustment including its powers and duties; providing its enforcement thereof, and for other purposes.

Be it ordained by the City Council of Piggott, Arkansas: This ordinance being necessary for the future growth of Piggott, Arkansas, for the purpose of controlling future development, an emergency is hereby declared and this ordinance shall be in full force and effect from and after its passage and approval.

Copies of this ordinance are on file with the City Clerk, the Mayor's Office, the Chamber of Commerce office and the office of the Circuit Court Clerk, for public inspection during the referendum period.

Passed and adopted by the City Council of Piggott, Arkansas, on this 7th day of May, 1962.

(s)  J. W. James, Mayor

Attest:
(s)  J. W. Harris, City Clerk."

The proposed ordinance was a general zoning ordinance applying to the entire city. It provided for the organization of the Board of Zoning Adjustment and provided that the violation of any provision of the ordinance would constitute a misdemeanor subject to a fine of not more than $100; and providing that each day such violation is permitted to exist, constitutes a separate offense.

The question here is not whether the ordinance was within the police power of the city, nor whether it was properly enacted by the city council. The question is whether the notice that was published was in sufficient compliance with the statute, § 19-2404, supra.

The appellants contend that the publication was sufficient under that part of § 19-2404 as follows:

"Provided, further, that ordinances establishing rules and regulations for zoning, construction of buildings, the installation of plumbing, the installation of electric wiring or other similar work *where such rules and regulations have been printed as a code in book form,* such code or provisions thereof may be published by such municipality by reference to title of said code without further publication or posting thereof; provided, however, that not less than three [3] copies of such code shall be filed for use and examination by the public in the office of the city clerk or recorder of such municipality subsequent to the adoption thereof." (Emphasis added).

The appellants argue that ordinance No. 208 did establish rules and regulations for zoning and that

such rules and regulations (the ordinance) were printed as a code in book form and were therefore subject to publication by reference to the title without further publication or posting thereof. In other words, the appellants argue that since ordinance No. 208 established rules and regulations for zoning and was printed as a code in book form, its publication by reference to its title was all that was required or necessary for its validity under the statute. It is not questioned that three copies of the ordinance were filed with the city clerk.

In support of their contention, the appellants cite the Arizona case of *City of Tucson* v. *Stewart,* 45 Ariz. 36, 40 P. 2d 72, 96 A. L. R. 1492, as a landmark case. The appellants also cite *City of Hazard* v. *Collins,* 304 Ky. 379, 200 S. W. 2d 933; *City of Rapid City* v. *Rensch,* (South Dakota), 90 N. W. 2d 380, and the Minnesota case of *Raymond* v. *Baehr,* 163 N. W. 2d 51, in support of their contention. We agree that those cases are germane to the problem in the case at bar, but we do not agree that they support the appellants' contention.

The appellants' first quote from *Tucson* v. *Stewart,* supra, distinguished that case from the case at bar. The quote from *Stewart* is as follows:

" 'Ordinance No. 693 undertakes to adopt provisions of the Electrical Code by reference. . .' "

Another statement from the facts in *Stewart* more clearly distinguishes that case from the case at bar wherein the court said:

"Ordinance No. 693 was published as provided by the city charter, but the Resolution passed on the same day adopting the electrical code of the city was not nor was the electrical code published."

The appellants correctly quote from *Stewart* as follows:

" 'It is well settled that the publication of an ordinance under the reference Doctrine is sufficient and it is not necessary to publish the statute, ordinance or public record *referred to therein.* This rule is based upon the idea that it is certain which may be made certain.' " (Emphasis supplied.)

The City of Tucson ordinance created the position of city electrician, defined the duties pertaining to the position, including the issuance of permits, inspection of wiring, safety of electricians, etc. The ordinance also provided for the adoption of the electrical code in the following language:

"No certificate of approval shall be issued unless the wiring, devices, apparatus or equipment installations conform with the provisions of this Ordinance, the Electrical Code of the City of Tucson, as adopted by the Mayor and Council by Resolution No. 1309 and as the same may be amended, the statutes of the State of Arizona, and with approved methods of construction for safety to life and property. . ."

The code itself was adopted by separate resolution. The code was not published but the ordinance which adopted the code by reference was published. The Arizona Court held that it was not necessary to publish the entire code. In this connection the Supreme Court of Arizona further said:

"Section 8, chapter IX of the Charter of the City of Tucson, provides that ordinances and resolutions having the effect of ordinances must be published at least three consecutive times in the official newspaper of the city and a copy thereof posted in front of the city hall before they become effective and operative. The question then is: When an ordinance constructively consists of two independent parts, but interdependent in their functioning, does a publication of the adopting part meet the requirements of the charter as to publication? Ordinance

No. 693 undertakes to adopt the provisions of the electrical code by reference. This method of making laws by the legislative bodies of both the state and municipalities is quite common."

Thus, it is obvious that the City of Tucson did exactly what the City of Piggott *had* statutory *authority* to do but *did not do* in the case at bar.

The opening statement of the court in *City of Hazard* v. *Collins,* supra, distinguishes that case from the case at bar. The opening statement is as follows:

"The question presented on this appeal is whether or not the City of Hazard, a fourth class city with a commission form of government, could adopt a building code (hereinafter referred to as the Code) of 300 pages merely by referring to such Code in an ordinance duly passed, recorded and *published.*" (Emphasis added.)

In the *City of Hazard* case the ordinance simply provided "that the Southern Standard Building Code, 1946-1947 Edition adopted by the Southern Building Code Congress at its annual convention November 16, 1945, be and the same hereby adopted by the City of Hazard, subject to the changes set forth in this Ordinance." The ordinance then provided that the city manager should administer the code and the penalty for violation set out in the code was reduced by provisions of the ordinance. The code was never read before being voted on and was never recorded in the office of the city clerk nor was it published. The trial court held that such reference did not make the code a part of the laws of the city, and the Kentucky Supreme Court affirmed.

In the *City of Hazard* case there were two separate instruments; the ordinance which adopted the code by reference, and the 300 page code which the ordinance adopted. The ordinance adopting the code was published but the adopted code was not published. The

city council in *City of Hazard* attempted to make the separate 300 page code an ordinance without publishing it, and in the case at bar the appellants attempted to make the ordinance adopt itself as a zoning code, not by reference, but by publication of title only.

In the South Dakota case of *City of Rapid City* v. *Rensch,* 90 N. W. 2d 380, a parking meter ordinance was under attack as invalid for the reason, among other things, that the ordinance was not published according to law. The ordinance was one that amended a previous ordinance which had been published according to law. The distinction between that case and the one at bar is set out by the language of the court as follows:

> "It is urged that the ordinance in revision is not in effect because it was not published in its entirety as required of original ordinances by SDC 45.1003. Prior to Ch. 247, Laws of 1925, ordinances in revision were apparently required to be published in the manner of original ordinances. § 6249, Rev. Code 1919. By the 1925 enactment the publication of the ordinance in revision in its entirety was dispensed with and the publication of a notice of the fact of its adoption substituted therefor. The reasons now sanctioned in the adoption of other ordinances of a comprehensive nature. SDC Supp. 45.1003. An ordinance in revision need not be published in the manner prescribed for ordinances generally. It is sufficient if notice of its adoption be given as required by the authorizing statute. *Town of Grundy Center* v. *Marion,* 231 Iowa 425, 1 N. W. 2d 677."

In the Minnesota case of *Raymond* v. *Baehr,* 163 N. W. 2d 51, cited by the appellants, a building code ordinance was under attack. The ordinance, among other things, provided that no building should be constructed unless the work was done in accordance with the "Building Code of the City of Brainerd on file in the office of the City Clerk." The building code

itself required ventilating shafts to be constructed of fire-resistive material. The building code was offered in evidence in an action for negligence and was objected to on the ground that it had never been published as required by law. The court stated the question before it as follows:

"It is not disputed that the Brainerd City Charter requires publication of all ordinances; that Ordinance No. 322 was published in conformity with the charter; and that the building code was not. Therefore the code is valid only if the city council's incorporation of it by reference was a proper means of enacting the code into law."

In approving the adoption of the code by reference, the Minnesota Court said:

"While the courts of other jurisdictions have not been uniform in accepting the use of incorporation by reference, see 1 Antieau, Municipal Corporation Law, § 4.07, those which have affirmed its use seem to have the better position. As adopted by the courts, valid use of the doctrine is limited to *incorporation of statutes of the state, preexisting ordinances, and public records, City of Tucson v. Stewart,* 45 Ariz. 36, 43, 40 P. 2d 72, 96 A. L. R. 1492." (Emphasis added.)

Thus, it would seem clear that ordinances establishing rules and regulations for zoning may incorporate into such ordinance by reference, such rules and regulations that have been printed as a code in book form; and that such incorporated code or provisions may be published by reference to title of said code without further publication or posting thereof. Such is the clear language of the applicable provision of § 19-2404. In the case at bar there apparently were no such rules and regulations printed as a code in book form, or otherwise, at the time ordinance No. 208 was passed by the city council, and the ordinance itself constituted the code. The ordinance and the code were one and

the same instrument, and the rules and regulations established in the ordinance had not been printed as a code in book form or otherwise.

If we adopted the appellants' interpretation of the requirements under § 19-2404, any ordinance establishing rules and regulations for zoning, or any of the other things mentioned in the section, could become law, bearing penalty for violation, without the necessity of publishing any part of the ordinance except the title. Regardless of the penalty for violation, and regardless of whether such rules and regulations had ever been printed as a code in book form, such ordinance could simply be passed by the city council, recorded in a book kept for that purpose, signed by the mayor and city recorder, put together in book form and become valid and binding when three copies are filed in the office of the city clerk or recorder. In event a valid zoning ordinance could be passed in such manner, no one would know what zoning area he lived in, or that he even lived in a city that had a zoning ordinance unless he saw the published "title" and became curious enough to investigate, or unless it should be called to his attention that he had violated the ordinance. Even then it would be necessary for him to go to the city recorder's office to determine what law he had violated.

Ark. Stat. Ann. § 19-2421 (Repl. 1968) authorizes the adoption by reference of technical codes, regulations or standards without setting forth the provisions of the code, but this may only be accomplished by the passage of a municipal ordinance to adopt by reference. Technical code is defined in § 19-2422 as including any building, zoning, health, electrical or plumbing code, but neither of these sections dispenses with the necessity of publishing an ordinance which adopts such code. The ordinance must be published but the code which it adopts need not be published by setting forth its provisions in detail. The code may be adopted by reference in the ordinance. The ordinance which adopts

the code must be published, but the code itself needs no other publication than by reference to its title.

The decree is affirmed.