MAGER, Judge
(dissenting):
Although I concur with the conclusion that the Village is estopped from refusing to issue a permit I cannot agree with the determination that the intervenors were not estopped to assert the invalidity of the ordinance in question. The record clearly established that the intervenors knew the status of the zoning of the property in question before they purchased their home, and in fact purchased their home some four years prior to the time they sought to challenge the validity, of the ordinance. The record further reveals that the ordinance in question had been in effect for a period in excess of ten years before its validity was challenged by the Village and the in-tervenors.
Under these circumstances the owner was justified in relying upon the efficacy of the ordinance in question; and having been issued a foundation building permit from the Village' and expended some $64,000.00 in the construction of the foundation prior to the challenge having been made, the doctrine of estoppel ought to be applied so as to preclude the intervenor from challenging the validity of the ordinance. Cf. City of Miami v. State ex rel. Ergene, Fla.App.1961, 132 So.2d 474; Sakolsky v. City of Coral Gables, Fla. 1963, 151 So.2d 433; see also City of Creston v. Center Milk Products Co., 1952, 243 Iowa 611, 51 N.W.2d 463.[1]
Accordingly, I would reverse the final judgment in its entirety.

. Apart from the application of the doctrine of estoppel the intervenors in my opinion had a legally recognizable interest and the requisite standing to intervene. See Renard v. Dade County, Fla.1972, 261 So.2d 832.