**THATCHER ENTERPRISES, et al.,**
**Plaintiffs–Appellants,**

v.

**CACHE COUNTY CORPORATION, et al., Defendants–Appellees.**

No. 88–2123.

United States Court of Appeals,
Tenth Circuit.

April 25, 1990.

David R. Daines, Logan, Utah, for plaintiffs-appellants.

Jody K. Burnett (Daniel D. Hill, Snow, Christensen & Martineau and Robert G. Gilchrist, Richards, Brandt, Miller and Nelson, Salt Lake City, Utah, with him on the brief), Snow, Christensen & Martineau, Salt Lake City, Utah, for Cache County, defendants-appellees.

Joseph M. Chambers (David Church, Salt Lake City, Utah, with him on the brief),

Harris, Preston & Chambers, Logan, Utah, for Smithfield City, defendants-appellees.

Before SEYMOUR and BALDOCK, Circuit Judges, and THEIS,* District Judge.

THEIS, District Judge.

Plaintiffs brought this action against Cache County, Utah and certain County Officials (collectively the "Cache County defendants") and Smithfield City, Utah and certain City officials (collectively the "Smithfield City defendants"). Plaintiffs alleged that the Cache County zoning ordinances were invalid and that the County and the City had engaged in restraint of trade. Plaintiffs also asserted a pendent state law claim for removal of certain County officials from office. The district court granted summary judgment in favor of the Cache County defendants and dismissed the Smithfield City defendants under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. The court dismissed the pendent claim for lack of jurisdiction. The district court denied the plaintiffs' three motions for summary judgment on the invalidity of the zoning ordinances. Plaintiffs appeal. We affirm.

We review an order granting or denying summary judgment under the same standard applied by the trial court in determining whether summary judgment is proper. *United States v. Gammache*, 713 F.2d 588, 594 (10th Cir.1983). Summary judgment is proper if the record before the court shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The standard of review of an order granting a motion to dismiss for failure to state a claim is de novo. We apply the same standard as the trial court. *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986). Under Rule 12(b)(6), dismissal is inappropriate unless plaintiff can prove no set of facts in support of his claim to entitle him to relief. *Id.*

**A. Facts**

In their original complaint, which named as defendants Cache County and certain County officials, the plaintiffs alleged unconstitutional taking of property, deprivation of due process and equal protection, and the unconstitutionality of the 1970 Cache County zoning ordinance. Plaintiffs sought actual and punitive damages, a declaration that the zoning ordinance was unconstitutional, and injunctive relief. R. Vol I, Doc. 1.

In their amended complaint, plaintiffs added other County officials, the City of Smithfield, City officials, and a state court judge. Plaintiffs challenged the validity of the original 1958 zoning ordinance as well as the 1970 zoning ordinance. Plaintiffs added a claim of restraint of trade against both the Cache County defendants and the Smithfield City defendants and a claim of malfeasance in office against certain Cache County defendants. The only claim alleged against the Smithfield City defendants was the restraint of trade claim. Plaintiffs sought only monetary relief the restraint of trade claim. Plaintiffs also sought the removal from office of certain Cache County officials under the malfeasance in office claim. Plaintiffs again sought declaratory and injunctive relief, in addition to damages, on their remaining claims. R.Vol. II, Doc. 16.

In their amended complaint, plaintiffs alleged that Thatcher Enterprises is the legal owner of 120 acres of property in Young Ward, an unincorporated area of Cache County, Utah. This property has been in the Thatcher family since 1909. Plaintiffs operate a retail and wholesale sewing and fabric business and a general contracting and construction business on a portion of this property. *Id.*

In 1958, Cache County adopted its first zoning ordinance. Although plaintiffs do not so state in their amended complaint, their property was zoned for agricultural use. *See* Complaint, R.Vol. I, Doc. 1, ¶ 15.

* The Honorable Frank G. Theis, District Judge, United States District Court for the District of Kansas, sitting by designation.

The ordinance was amended and reenacted in 1970. Plaintiffs' property remained zoned for agriculture. The zoning ordinance gave the County the power to grant conditional use permits which would allow a property owner to use his property in a manner otherwise inconsistent with its zoning. R.Vol. II, Doc. 16.

Since no later than 1978, plaintiffs have been aware of the restrictions on their use of their property. In 1978, plaintiffs applied for the rezoning of their land from agricultural to commercial. Plaintiffs participated in subsequent public hearings on the requested zoning change. The request for rezoning was denied and the plaintiffs were granted a conditional use permit allowing them to operate their businesses. The permit imposed certain conditions on plaintiffs' use of their property, including limits on the number of employees and limits on the types of business allowed. *Id.*

Plaintiffs alleged that Smithfield City, a municipality located in Cache County, lobbied the County to restrain trade. Smithfield City, through its mayor, defendant Robert Chambers, wrote two letters to Cache County Commissioners. The first letter, dated December 29, 1982, provided in pertinent part:

> We encourage you to preserve the unincorporated area mainly for agricultural uses and encourage the urban activities in the incorporated areas.
>
> . . . .
>
> Also, we would like to let you know that we presently have fifteen offices or buildings vacant in our commercial zones in Smithfield. We are having difficulty attracting businesses to Smithfield and feel that if the County is opened up for increased development that our problem will be even greater.
>
> We appreciate your willingness to accept concerns and suggestions at this time.

Brief of Smithfield City Defendants/Appellees, Exh. A. The second letter, dated November 29, 1984, provided in pertinent part:

> We believe the unincorporated area should be used primarily for agriculture. Residential and commercial development should be located in the incorporated areas.
>
> . . . .
>
> We also believe that commercial & residential uses in the unincorporated area are often incompatible with the surrounding agricultural uses. Preservation of the agricultural land should be a major goal of the county growth management policy.

*Id.*, Exh. B. These letters form the basis of plaintiffs' restraint of trade claim. *See* R.Vol. II, Doc. 16, ¶¶ 52–53.

## B. The District Court's Decisions

The plaintiffs' first motion for summary judgment alleged the 1970 Cache County zoning ordinance was invalid because it was neither published nor entered in the County's ordinance book. R.Vol. I, Doc. 7. The district court found as an undisputed fact that the revision was published; plaintiffs do not dispute this fact on appeal. The district court denied the motion for summary judgment but did not address the second issue, whether the zoning revisions were entered at length in the ordinance book. R.Vol. II, Doc. 22, pp. 3–4. Plaintiffs raised this issue again in their third motion for summary judgment.

The plaintiffs' second motion for summary judgment alleged that the original 1958 zoning ordinance was invalid for lack of publication. R.Vol. I, Doc. 8. The district court held that under the version of the statute in effect in 1958, the County did not have to publish the ordinance so long as the ordinance did not take effect for sixteen days after passage. The court found as an undisputed fact that the ordinance did not take effect until sixteen days after passage; therefore, the County was not required to publish the ordinance. The court denied the motion for summary judgment. R.Vol. II, Doc. 22, pp. 1–3. Plaintiffs do not dispute that the ordinance took effect sixteen days after passage.

Plaintiffs' third motion for summary judgment raised a constitutional challenge to Utah's zoning enabling legislation and alleged some thirty-two procedural defects in the adoption of the 1970 Cache County

zoning ordinance. The constitutional challenge is based on plaintiffs' reading of *Euclid v. Ambler Realty*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926) as requiring zoning restrictions in the unincorporated parts of Cache County to be imposed by persons elected solely by inhabitants of the unincorporated areas. R.Vol. II, Doc. 24. The district court did not address whether the Cache County defendants complied with every requirement in passing the 1970 ordinance, finding instead that the plaintiffs' claims were barred by either laches or estoppel. R.Vol. III, Doc. 54, pp. 2–8.

The district court found the following facts to be uncontroverted. Plaintiffs resided in Cache County in 1970 when Cache County published a notice of hearing on proposed zoning changes. A public hearing was held, after which Cache County adopted the zoning ordinance. The County subsequently published a notice that it had passed the zoning ordinance. In 1978, plaintiffs sought and received a variance so that their agricultural land could be used for limited industrial purposes. Since 1978, plaintiffs have been unhappy with the restrictions placed on the use of their land. Plaintiffs filed this action in 1987. *Id.* at 2–3.

The district court ruled that a zoning ordinance must be challenged within a reasonable time *after notice of its enactment* or the ordinance cannot be set aside for irregular procedures in its enactment. The court found plaintiffs' delay fatal to their claim. Plaintiffs relied on *Carter v. City of Salina*, 773 F.2d 251 (10th Cir.1985), arguing that if the ordinance was passed with improper procedures, it was void at its inception. The district court distinguished *Carter* on several grounds: first, notice was improper in *Carter* because the Carters, who did not live in the state and did not receive constructive notice via publication, also did not receive actual notice of the zoning changes; second, the Carters immediately sought relief from the county upon receiving notice of the zoning ordinance; and third, the Carters brought suit immediately upon the county's assertion of the validity of the ordinance. In the present case, the plaintiffs waited seventeen years from the time they should have known of the County's actions and nine years from the time they actually knew of the County's actions to challenge the zoning ordinance. R.Vol. III, Doc. 54, pp. 3–5.

After full briefing, the district court granted summary judgment on plaintiffs' taking and civil rights claims, although the defendants had not formally moved for summary judgment against the plaintiffs on a laches or estoppel theory. *Id.* at 7–8. Plaintiffs do not challenge the propriety of this procedural matter.

The district court found Cache County absolutely immune from antitrust liability when acting under clearly articulated zoning laws. *Id.* at 8 (citing *Town of Hallie v. City of Eau Claire*, 471 U.S. 34, 105 S.Ct. 1713, 85 L.Ed.2d 24 (1985). Additionally, the court found all defendants immune from liability pursuant to federal statute. The Local Government Antitrust Act provides in pertinent part:

No damages, interest on damages, costs, or attorney's fees may be recovered under section 4, 4A, or 4C of the Clayton Act (15 U.S.C. 15, 15a, or 15c) from any local government, or official or employee thereof acting in an official capacity.

. . . .

No damages, interest on damages, costs or attorney's fees may be recovered under section 4, 4A, or 4C of the Clayton Act (15 U.S.C. 15, 15a, or 15c) in any claim against a person based on any official action directed by a local government, or official or employee thereof acting in an official capacity.

15 U.S.C. §§ 35(a), 36(a) (1988). Plaintiffs' restraint of trade claim is an action under 15 U.S.C. § 15. The district court found all the defendants immune from damage liability under this provision. R.Vol. III, Doc. 54, pp. 8–9.

Utah statutes provide a cause of action for the removal of state officers for malfeasance in office. The district court declined to hear this pendent state law claim since all the federal claims had been dismissed. *Id.* at 9.

## C. Discussion

The Utah zoning enabling act, passed in 1941 and presently codified at Utah Code Ann. §§ 17–27–1 to –27 (1987), gives county commissioners power over county zoning issues. The statute also set forth a number of requirements for the enactment of zoning ordinances. Plaintiffs assert that the Cache County Commission first attempted enactment of a zoning ordinance in 1958, but that the Commission failed to comply with certain statutory requirements, such as publication. Plaintiffs further argue that a 1965 zoning ordinance was passed by the Commissioners without the required statutory notice and public hearing. Plaintiffs assert that in 1970, Cache County began enforcement of a new zoning ordinance which was not enacted and which had the objective of forcing trade from unincorporated areas into cities. Plaintiffs allege a number of procedural irregularities with this 1970 ordinance.

Plaintiffs acknowledge that the only issue presented on appeal of the dismissal of their zoning claims is whether they are barred by laches or estoppel from challenging the validity of the 1970 ordinance. Brief of Plaintiffs/Appellants at 16. Plaintiffs erroneously state that the district court found significant evasions of the statutory requirements. In its opinion the district court did not address whether the County complied with the statutory requirements, R.Vol. III, Doc. 54, p. 2, instead assuming that one or more of the alleged irregularities had some merit. *Id.* at 3, n. 3.

■ Whether the reason is called laches, estoppel, waiver, or public policy, challenges to the procedural invalidity of a zoning ordinance and constitutional challenges based thereon must be brought within a reasonable time from enactment of the ordinance. If not brought in a timely manner, the plaintiff will be barred from challenging the zoning ordinance. *See Fifth Church of Christ, Scientist v. Pigg & Son, Inc.*, 109 Colo. 103, 122 P.2d 887 (1942); *City of Preston v. Center Milk Products Co.*, 243 Iowa 611, 51 N.W.2d 463 (1952); *Edel v. Filer Township*, 49 Mich.

App. 210, 211 N.W.2d 547 (1973); *Taylor v. Schlemmer*, 353 Mo. 687, 183 S.W.2d 913 (1944); *Benequit v. Borough of Monmouth Beach*, 125 N.J.L. 65, 13 A.2d 847 (1940); *Struyk v. Samuel Braen's Sons*, 17 N.J. Super. 1, 85 A.2d 279 (App.Div.1951), *aff'd*, 9 N.J. 294, 88 A.2d 201 (1952). We are aware of no Utah authority to the contrary. There is no dispute that plaintiffs should have known of the zoning ordinance for approximately seventeen years and that they actually knew of the zoning ordinance for nine years before filing suit. There being no genuine issue that the plaintiffs knew of the challenged zoning ordinance for a number of years, defendants were entitled to judgment as a matter of law that plaintiffs' claims were barred by laches. We therefore affirm the district court's decision granting summary judgment in favor of the Cache County defendants.

Notwithstanding plaintiffs' admission that the only issue before the court is whether their claims based on the zoning ordinances are barred by laches, plaintiffs argue that the 1941 zoning enabling act is unconstitutional on its face because it denies the inhabitants of the unincorporated areas the equal protection of the law, in violation of the "one man, one vote" principle. Having affirmed the district court's decision that these claims are barred by laches, we do not address the merits of plaintiffs' equal protection, due process, or taking claims.

■ Plaintiffs next argue that the district court erred in denying their second motion for summary judgment by interpreting the state statute in effect at the time of the passage of the 1958 zoning ordinance as not requiring publication of the ordinance. The pre–1947 version of the Utah statute provided that "No ordinance passed by the board shall take effect within less than fifteen days after its passage, *and* before the expiration of the said fifteen days the same shall be published, ..." Utah Code Ann. § 19–11–1 (1943) (emphasis added). In 1947, the statute was amended to read "No ordinance passed by the Board shall take effect within less than fifteen

days after its passage, *or* until the same shall have been published, . . ." Utah Code Ann. § 19–11–1 (1947) (emphasis added). In 1961, the statute was amended to provide "No ordinance passed by the board shall take effect within less than fifteen days after its passage, *and* until the same shall have been published, . . ." Utah Code Ann. § 17–15–1 (1961) (emphasis added).

 Plaintiffs argue that the 1947 "or" version of the statute (in effect when the 1958 zoning ordinance was passed) retained the mandatory publication requirement. The district court found that the statute made publication of the 1958 ordinance unnecessary since the ordinance did not take effect for sixteen days after passage. R.Vol. II, Doc. 22, pp. 1–3. There is no issue of fact on when the ordinance took effect. A statute is to be interpreted and applied according to its literal wording, unless it is unreasonably confused or inoperable. *See Horne v. Horne,* 737 P.2d 244, 247 (Utah App.1987). We agree with the district court's interpretation of the statute. According to the literal wording of the statute in effect when the 1958 zoning ordinance was passed, publication was not required. Summary judgment was appropriate on this issue.

The district court dismissed plaintiffs' restraint of trade claim as specious, finding all defendants immune from suit. Plaintiffs argue that the defendants are not entitled to immunity because (1) they were acting outside their authority and in contravention of state policy; (2) statutory immunities do not bar declaratory or injunctive relief; and (3) the defendants never filed the required oaths of office.

 The Local Government Antitrust Act, 15 U.S.C. §§ 35–36 (1988) precludes the courts from awarding monetary relief on antitrust claims brought against local government entities. The Act does not preclude declaratory or injunctive relief. Plaintiffs argue on appeal that they specifically requested declaratory and injunctive relief against all defendants on all counts in their complaint. Brief of Plaintiffs/Appellants at 37. A close reading of plaintiffs' complaint reveals that they did not seek declaratory or injunctive relief on their antitrust claim. Plaintiffs sought treble damages on their restraint of trade claims. R.Vol. II, Doc. 16, ¶¶ 67–70 (Third Claim for Relief). Plaintiffs sought a declaration that the zoning ordinance was unconstitutional and a permanent injunction against enforcement of the ordinance. R.Vol. II, Doc. 16, ¶¶ 78–83 (Fifth and Sixth Claims for Relief).

 Additionally, plaintiffs argue that the Local Government Antitrust Act immunized Cache County and Smithfield City as entities, and immunized local government officials from damage liability only if the officials were acting in an official capacity. Plaintiffs assert that because Smithfield City has no geographical "jurisdiction" over the unincorporated county areas, when the City defendants wrote the Cache County Commission, the City defendants were acting outside their authority. Having no jurisdiction, the City defendants could not have been acting in official capacities; thus, plaintiffs conclude, the City defendants are not entitled to immunity. As for the Cache County defendants, plaintiffs argue that the county never had jurisdiction to zone; thus, they were not acting in their official capacities.

The defendants argue that dismissal was appropriate since plaintiffs' complaint makes no allegations of actions taken by the individuals other than in their official capacities. The district court found, by plaintiffs' own admission, that each individual defendant was acting as an official of local government when the events giving rise to this action occurred. R.Vol. III, Doc. 54, pp. 8–9. Plaintiffs do not challenge that the individual defendants occupied positions as officials of the two local governmental entities. Plaintiffs instead argue that while the defendants were acting under the color of authority of their offices, they were outside (in their individual capacities) rather than in their official capacities. We see no real distinction and find plaintiffs' arguments to be wholly without merit.

Plaintiffs argue that since certain of the defendants allegedly failed to file oaths of

office, they were not acting in "official capacities" as contemplated by the Local Government Antitrust Act. The statutory immunities at issue here do not hinge upon the filing of a formal, written oath of office. The court is aware of no authority to the contrary. We thus affirm the district court's dismissal of plaintiffs' restraint of trade claim.

Since pendent jurisdiction is a doctrine of discretion, *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a district court may decline to exercise jurisdiction over a state law claim. A district court may not exercise pendent jurisdiction over a state law claim when the federal law claim is insubstantial. *Carey v. Continental Airlines, Inc.,* 823 F.2d 1402, 1404 (10th Cir.1987). If the federal claim is dismissed before trial, even though not insubstantial in the jurisdictional sense, the state law claim will generally be dismissed as well. Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary. The district court has discretion to try state claims in the absence of any triable federal claims; however, that discretion should be exercised in those cases in which, given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction. In the present case, the district court did not abuse its discretion in dismissing the pendent state law claims.

*D. Sanctions*

◼ The Smithfield City defendants request sanction under Rule 38 of the Federal Rules of Appellate Procedure for the filing of a frivolous appeal. Defendants argue that by the time the case was dismissed, the plaintiffs' arguments were so stripped of substance that the appeal is frivolous.

At oral argument, the court asked counsel for plaintiffs why sanctions should not be imposed on appeal. In response, counsel for plaintiffs raised a question of the applicability of the *Noerr–Pennington* doctrine of immunity (*see Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961); *United Mine Workers v. Pennington,* 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965)) which is not an issue on appeal. The district court did not rely on *Noerr–Pennington* as a ground for immunity. Assuming *Noerr–Pennington* is inapplicable and hence does not immunize the Smithfield City defendants, other immunities were presented in this case. Counsel further argued that injunctive relief was available even if the defendants were immune from damages under the Local Government Antitrust Act. However, plaintiffs' complaint sought only money damages on the antitrust claim, and not declaratory or injunctive relief, making the defendants immune under the statute. Third, counsel argued that the Smithfield City defendants were acting outside their Smithfield City zoning authority. Plaintiffs' third argument apparently is that the defendants were not acting in an official capacity when they took the actions challenged here. The district court found, by plaintiffs' own admission, that every defendant was acting as an official of local government when the relevant events occurred. Thus, under the Local Government Antitrust Act, the individual defendants were immune.

We find the plaintiffs' arguments on appeal to be frivolous. We therefore grant the Smithfield City defendants' request for sanctions under Fed.R.App.P. 38 and remand to the district court for a determination of the appropriate amount of sanctions.

The decision of the district court dismissing the action is AFFIRMED. The Smithfield City defendants' request for sanctions is granted. This action is remanded for a determination of the appropriate amount of sanctions.