77 F.3d 492
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rodney Joe FILLMORE, Plaintiff-Appellant,
v.
John EICHKORN; Karl J. Koenig; Damon L. Carlton, Kansas
Highway Patrol Troopers; Athena E. Andaya, Shawnee County
Assistant District Attorney; Earl Hindman, Shawnee County
D.O.C. Director; Scott Greeno; Rhonda Redmon; Richard
Hamilton; Todd Rogers; Timothy James; Brian Cole;
Kenneth Akins; David Seymour; Merrill McCue; Kenneth
Sloop; Tammy Reedy; Thomas Merkel; T. Rork; Shannon
Ridgeway, Defendants-Appellees.
 No. 95-3195.
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT[1]
 ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court granting appellees' motions for summary judgment, dismissing plaintiff Rodney Joe Fillmore's complaint brought pursuant to 42 U.S.C.1983. Plaintiff appeals, claiming the district court erred in (1) finding that the conditions under which plaintiff was held following his arrest did not constitute unconstitutional punishment of a pretrial detainee, (2) finding defendant McCue entitled to qualified immunity on plaintiff's claim that he was unconstitutionally held in excess of forty-eight hours without a probable cause hearing, (3) granting summary judgment to defendants Hindman and Merkel in their official capacities, and (4) dismissing plaintiff's pendent state law claims. These issues all relate to events which arose out of plaintiff's arrest by defendants Eichkorn, Koenig, and Carlton, Kansas Highway Patrol Troopers, and the treatment plaintiff received as a pretrial detainee by the remaining defendants, Shawnee County Department of Corrections (SCDOC) officers.
 
 
 3
 On September 25, 1992, the troopers stopped plaintiff's vehicle for a defective taillight. Plaintiff refused to identify himself, refused to produce his driver's license, and was aggressive, belligerent, and uncooperative. The troopers subsequently arrested plaintiff for obstruction of legal process, failure to produce a driver's license, and no proof of insurance. During routine booking procedures, plaintiff refused to provide his name, identification, or any medical or psychological information.
 
 
 4
 In his 1983 action, plaintiff brought federal claims against the troopers for unlawful arrest, unlawful seizure, and unlawful retaliation for plaintiff's exercise of his right to remain silent, as well as state law claims for unlawful search and seizure and malicious prosecution. He also brought federal and state law claims against Shawnee County Assistant District Attorney Athena Andaya for malicious prosecution.
 
 
 5
 Plaintiff sued the SCDOC officers claiming the officers unconstitutionally punished him by (1) confining him in a detoxification cell when he was not intoxicated, (2) denying him toilet facilities and toilet paper, (3) ignoring his requests for distilled drinking water, (4) ignoring his requests for 100% cotton clothing in accordance with his religious beliefs, (5) using excess force to undress him, (6) denying him the right to make a telephone call, (7) denying him a Bible, writing materials, a chair, mattress, blanket, or pillow, (8) denying his request for a psychological counselor, (9) leaving the lights on in his cell constantly, (10) placing him in a cell with a surveillance camera, (11) allowing a female officer to "ogle" him while he was naked, and (12) holding him in excess of forty-eight hours without a probable cause hearing.[2]
 
 
 6
 Early in the proceedings, the district court granted defendant Andaya's motion for judgment on the pleadings. The district court subsequently granted the troopers' motion for summary judgment on qualified immunity grounds, granted summary judgment based on qualified immunity to the SCDOC officers sued in their individual capacities, and granted summary judgment to officers Hindman and Merkel, sued in their official capacities. Finally, the district court dismissed the remaining state law claims pursuant to 28 U.S.C. 1367(c).
 
 
 7
 On appeal, plaintiff does not challenge the court's grant of summary judgment to the troopers. He appeals only the district court determination that the conditions of his pretrial detention did not constitute unconstitutional punishment, the grant of summary judgment to defendants McCue, Hindman, and Merkel on plaintiff's claim that he was held in excess of forty-eight hours without a probable cause hearing in violation of his constitutional rights, and its dismissal of his state law claims.
 
 
 8
 This court reviews a grant of summary judgment de novo, applying the same legal standards used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir1990). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time [the action] was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982)).
 
 
 9
 In a thorough thirty-page order, the district court considered all of plaintiff's claims relating to the conditions of his pretrial detention and concluded that none of his claims constituted constitutional deprivation or violation. We have reviewed the record in this case, and construing plaintiff's pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we agree with the district court. Therefore, as to plaintiff's claims against the SCDOC defendants, we affirm the grant of summary judgment for substantially the reasons given by the district court in its memorandum and order dated May 18, 1995.
 
 
 10
 We do, however, comment briefly on plaintiff's contention that the district court erred in dismissing his pendent state law claims. It is undisputed that the district court has discretion to try state law claims absent any triable federal claims. Thatcher Enters. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir.1990). This discretion should be exercised in cases in which it would serve judicial economy, convenience, and fairness. Id. Federal courts may decline to exercise supplemental jurisdiction in those cases where the state law claims raise "novel or complex issue[s] of State law." 28 U.S.C. 1367(c)(1) & (3). It is on this basis that the district court declined to exercise supplemental jurisdiction here. "We review the court's decision for an abuse of its discretion." Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir.1995).
 
 
 11
 Plaintiff argues that the district court decided certain of his state law claims while refusing to retain jurisdiction over others. In particular, plaintiff claims that the district court granted defendant McCue qualified immunity on plaintiff's state law claim of unlawful imprisonment, and granted judgment on the pleadings to defendant Andaya on the state law claim of malicious prosecution. Contrary to plaintiff's assertion, the district court's order does not grant defendant McCue qualified immunity on plaintiff's state law claim of unlawful imprisonment. Following the court's disposition of plaintiff's federal claims, it specifically notes that the state law claims against the defendants remain. R. Vol. 4, tab 140 at 29.
 
 
 12
 By separate order, the court granted defendant Andaya's motion for judgment on the pleadings. The court held that prosecutorial immunity protected Andaya from liability, and that plaintiff had failed to establish a claim for injunctive relief by showing the likelihood that he would be subjected to malicious prosecution by Andaya in the future. R. Vol. 1, tab 68. Plaintiff does not take issue with the district court's decision, but appears to argue that the decision precludes the district court from dismissing the state law claims against the other defendants. Plaintiff cites no authority,[3] nor did our research reveal any authority, in support of this assertion. Consequently, we hold that the district court did not abuse its discretion in dismissing plaintiff's remaining state law claims.
 
 
 13
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 We note that plaintiff previously has been before this court appealing dismissal of a 1983 complaint which arose under similar factual circumstances. See Fillmore v. Ordonez, No. 93-3272, 1994 WL 60394 (10th Cir. Mar. 1, 1994)(unpublished order and judgment). This case arose out of the circumstances surrounding plaintiff's treatment following his arrest by Osage County Sheriffs. In Ordonez, we affirmed the district court's grant of summary judgment to defendants on claims very similar to those raised by defendant in the instant case. See id. at * * 3-5
 
 
 [3]
 We note that plaintiff's brief is missing page fifteen which contains the conclusion of his argument on this issue. Therefore, we base our conclusion as to plaintiff's lack of authority on the portions of his brief available to the court