**Blanche I. FROELICH, Plaintiff,**

v.

**THE CITY OF NEWTON, KANSAS, Defendant.**

**No. 97–1368–WEB.**

United States District Court, D. Kansas.

June 17, 1999.

Cortland E. Berry, Newton, KS, for plaintiffs.

Robert D. Myers, Myers Law Offices, Chartered, Newton, KS, James S. Pigg, Fisher, Patterson, Sayler & Smith, Topeka, KS, for defendant.

### MEMORANDUM AND ORDER

WESLEY E. BROWN, Senior District Judge.

This matter is before the court on the defendant's motion for summary judgment (Doc. 43). Both parties have submitted briefs on this motion. Oral arguments will

not be beneficial or necessary for the disposition of this case.

## I. FACTUAL BACKGROUND

This case includes two federal claims and five state law tort claims which stem from the City of Newton's pursuit of an injunction in the Harvey County district court against Sam and Blanche Froelich in a civil suit filed on August 28, 1996. Over a period of seven years, the Froelichs were notified or prosecuted for more than two dozen violations of various housing and public safety codes on seven properties (six of which were included in the City's suit against the Froelichs). The defendant contends it filed the suit in an attempt to more permanently enforce the City's housing codes and public nuisance regulations. That suit was eventually voluntarily dismissed without prejudice after the Froelichs had sold or improved all but two of the twelve properties mentioned in the City's suit.

The plaintiff asserts the defendant, or its agents acting under the color of law, had an ulterior motive in filing the suit, and that the defendant's actions constituted malicious prosecution, abuse of process, tortious interference with contract negotiations, defamation, intentional infliction of emotional distress, violation of the Sherman Anti–Trust Act, violation of her civil rights under 42 U.S.C. § 1983, and violation of her rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The plaintiff seeks $50,000 damages, attorney's fees, and an injunction preventing future prosecution or harassment by the defendant. The plaintiff asserts federal question subject matter jurisdiction under 28 U.S.C. § 1331 and agrees that venue in this court is proper.

The defendant asserts its regulation of nuisance-like activities by property owners is privileged, and no ulterior motives were present in the enforcement of its regulations against the plaintiff and her husband. Additionally, the defendant contends the plaintiff has failed to prove the elements of any of the claims in her complaint.

The following are the pertinent stipulated facts:

A. On August 28, 1996, the City of Newton filed an injunction action in the District Court of Harvey County, Kansas, against Blanche and Samuel Froelich seeking an injunction requiring the Froelichs to bring 12 properties owned by them into compliance with the City's health and nuisance laws.

B. Records of the District Court of Harvey County, Kansas, in *City v. Samuel Froelich and Blanche Froelich*, Case No. 96–C–9048, including transcripts of hearings, are official records of a public office which can be admitted without further authentification under F.R.E. 902.

C. Records of the Municipal Court of the City of Newton in cases involving Samuel and/or Blanche Froelich are official records of a public office which can be admitted without further authentification under F.R.E. 902.

Additional facts will be discussed below as necessary.

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the court, after examining all the pleadings, statements, and evidence on file, determines no genuine issue of material fact exists and that the moving party is entitled to judgment in its favor as a matter of law. Fed.R.Civ.P. 56(c). As discussed in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the rule suggests by its plain language that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." The determination of which facts are material depends on the substantive law of the case (i.e., the elements of the claim asserted). *See Id.* at 248, 106 S.Ct. 2505. A genuine issue of material fact exists when a jury of

reasonable people could find for the party opposing the motion. *See Id.* When evaluating the record, the court views the evidence in the light most favorable to the nonmoving party to give that party as much protection as possible from a premature adverse determination of the case. *See U.S. v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). If the nonmovant fails to provide evidence that could lead reasonable minds to differ on each essential element of its case, all other facts become immaterial and the court can decide as a matter of law whether the evidence could sustain a verdict in favor of the nonmoving party. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. DISCUSSION

### A. Equal Protection Claim Under the Fourteenth Amendment and 42 U.S.C. § 1983

█ The court grants summary judgment on the plaintiff's equal protection claim because the allegedly discriminatory acts were valid uses of prosecutorial discretion and protected by absolute immunity. *See Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 218 (1976). The plaintiff admits that she must show "both that the passive enforcement system had a discriminatory effect and that it was motivated by a discriminatory purpose." *See Wayte v. U.S.,* 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). Beyond the plaintiff's allegations, there is little proof that such a discriminatory purpose existed. Alleging that an improper, discriminatory purpose existed is not evidence that it does. The plaintiff's failure to show she is a member of a suspect class means that she is entitled only to conduct that is rationally related to a legitimate governmental objective on the part of the defendant. *See Houck v. City of Prairie Village,* 978 F.Supp. 1397, 1405 (D.Kan. 1997); *see also Oyler v. Boles,* 368 U.S.

448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) (prosecution based on membership in identifiable protected group required for § 1983 recovery).

As to whether or not the defendant's pursuit of injunctive relief against the plaintiff was rationally related to a legitimate governmental objective, this court agrees with Judge Marten's decision in *Dan Martel v. The City of Newton, Kansas,* 6 F.Supp.2d 1243 (D.Kan.1998). In deciding to grant the City of Newton's motion for summary judgment on Dan Martel's § 1983 claim, the court found Martel failed to demonstrate improper, discriminatory action by the City against the Froelichs as opposed to other similarly situated persons. *See Id.,* at 1248. Although both Martel and Ms. Froelich argue that some individual properties within the City of Newton were in worse shape than some of the properties owned by the Froelichs, neither can show evidence of any other property owner in Newton with so many consistently substandard properties. *See Id.; see also* Dep. of Blanche I. Froelich[1], p. 57. We agree with Judge Marten's finding that the City of Newton's initiation of a nuisance action against the owners of so many offending properties is not an equal protection violation, but, rather, is a rational effort to obtain the legitimate goal of protecting the health and welfare of its citizens.

### B. Procedural Due Process and/or Takings Claim Under the Fifth and Fourteenth Amendments

The defendant correctly asserts that any "takings" claim must be analyzed under the Fifth, not the Fourteenth, Amendment. *See Miller v. Campbell County,* 945 F.2d 348, 352 (10th Cir.1991); *see also Landmark Land Co. of Okla. v. Buchanan,* 874 F.2d 717 (10th Cir.1989). Although the plaintiff may wish to argue a

---

**1.** This deposition was taken in *City of Newton v. Samuel J.Froelich et al,* Harvey County Case No. 96–C–9048 and can be found in Appendix No. D to the Defendant's Memoran-

dum in Support of Summary Judgment Motion (Doc. 45). As part of discovery in that case, it has been stipulated as admissible in this case.

"takings" claim under the Fourteenth Amendment, the Supreme Court has yet to hold that such an analysis is warranted when the facts of a case clearly fall within the purview of another enumerated right. *See Id.* at 352–53 (citing *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). With this in mind, the court must first determine if the plaintiff has a valid takings claim under the Fifth Amendment's Just Compensation Clause.

■■ The plaintiff's Fifth Amendment claim must fail on both procedural and substantive grounds. First, the plaintiff's Fifth Amendment claim has not matured because there is no evidence the plaintiff has exhausted all possible alternatives for recovering her just compensation from the City or State. *See Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194–95, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). The Fifth Amendment does not prohibit the government from taking property, it only prohibits the government from taking property without giving the owner just compensation. *See Id.* at 194, 105 S.Ct. 3108.

■■ Second, as a substantive matter, it is clear the defendant's conduct is within its police powers of regulating nuisance-like land uses, and, as such, no compensation is required unless the property is deprived of all its economically beneficial uses. *See Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1015–16, 112 S.Ct. 2886, 104 L.Ed.2d 443 (1992). The plaintiff fails to allege that all economically beneficial use of her properties has been lost due to the City's actions. Instead, the plaintiff claims the City's pursuit of an injunction against her properties prevented a sale of her properties for their full market value. Unfortunately for the plaintiff, a diminution in value is not necessarily enough to sustain a takings claim. *See Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 131, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978). Discriminatory use of the law, which causes a diminution in value, does not require just compensation if (1) the government has a valid police power goal, (2) the statute employs means reasonably related to establishing that goal, and (3) the burden is imposed on all similarly situated property owners for the benefit of the whole community. *See Id.* at 133–34, n. 30, 98 S.Ct. 2646. As the court has already ruled, the City's pursuit of injunctive relief was reasonably related to the City's goal of regulating nuisance-like uses of land to protect the community's health and safety. Therefore, the court finds the City's actions did not constitute a compensable taking and the plaintiff has no recoverable Just Compensation claim.

■ As for the plaintiff's Due Process claim, the court finds the plaintiff has failed to offer evidence which would support such a claim. Substantively, the plaintiff failed to show the defendant acted with reckless intent and in a manner that shocks the conscience of the court. *See Williams v. City and County of Denver*, 99 F.3d 1009, 1015 (10th Cir.1996) (overruled on other grounds). Even when looking at the evidence in the light most favorable to the plaintiff, the court cannot say the City's conduct was reckless or shocking. The plaintiff did not suffer any loss of property rights, including the right to transfer ownership. While the plaintiff claims the City's civil suit interfered with her ability to sell her properties, the evidence is that any delays in the plaintiff's acquisition of lien releases were not the fault of defendant. *See* Dep. Bill Brown[2], p. 7 and Dep. II Blanche I. Froelich[3], p.

---

**2.** This Deposition was taken in *Dan Martel v. City of Newton, Kansas*, 6 F.Supp.2d 1243 (D.Kan.1998), and as part of the discovery in that case, is stipulated to be admissible in this case in the pre-trial order. This deposition is found at Appendix No. H to the Defendant's

Memorandum in Support of Summary Judgment Motion (Doc. 45).

**3.** This deposition was taken in preparation for this case and can be found as Appendix No. E to the Defendant's Memorandum in Support of Summary Judgment Motion (Doc. 45).

28; *see also Dan Martel v. City of Newton, Kansas,* at 14. In short, the filing of a civil suit against the owners of consistently substandard properties in an attempt to secure more permanent compliance with the City's health and nuisance ordinances is neither reckless nor shocking to the court's conscience.

■ Procedurally, the plaintiff's Due Process claim fails for the same reason that her Just Compensation claim has failed: the plaintiff has not availed herself of the procedures provided by the State of Kansas for acquiring just compensation for a compensable taking. Plaintiff has failed to show that no effective procedure is available to pursue her due process rights. Under these circumstances, the court grants summary judgment on the plaintiff's Due Process and/or Takings claim.

By granting summary judgement on the plaintiff's two federal claims, it will be unnecessary for the court to review the plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3). The Sherman Anti–Trust claim mentioned in the plaintiff's original complaint was not mentioned in the pretrial order and this is not an issue in this case. While, the court does have discretion whether to exercise supplementary jurisdiction, "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *See Thatcher Enter. v. Cache County Corp.,* 902 F.2d 1472, 1478 (10th Cir.1990). There are no compelling reasons to retain jurisdiction of the state law claims in this case.

In accordance with the foregoing,

**IT IS ORDERED** that the defendant's motion for summary judgment (Doc. 43) on plaintiff's Equal Protection and Due Process claims under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution be and it is hereby SUSTAINED and

**IT IS ORDERED** that all remaining state law claims be and they are hereby dismissed without prejudice.