**John Franklin GOOD, Plaintiff,**

**v.**

**BOARD OF COUNTY COMMISSIONERS OF SHAWNEE COUNTY, et al., Defendants.**

**Case No. 01–4067–RDR.**

United States District Court,
D. Kansas.

April 17, 2002.

Leonard M. Robinson, Topeka, KS, for Plaintiff.

David P. Mudrick, K. Gary Sebelius, Kevin James Grauberger, Wright, Henson, Somers, Sebelius, Clark & Baker, LLP, Topeka, KS, for Defendant.

Mark L. Bennett, Jr., Bennett, Hendrix & Moylan, Topeka, KS, for Joan M. Hamilton.

Gregory A. Lee, Daviss, Unrein, Hummer, McCallister, Biggs & Head, L.L.P., Topeka, KS, for Joel W. Meinecke, Tony W. Rues, James Joseph Welch, Diane Gordy.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

Plaintiff, a former deputy sheriff with the Shawnee County Sheriff's Department, brings this action against a number of defendants pursuant to 42 U.S.C. § 1983. The defendants are the Board of County Commissioners of Shawnee County, Kansas; Michael J. Meier, former Shawnee County Commissioner; Marice Kane, Shawnee County Commissioner; Richard Eckert, Shawnee County Counselor; Richard Barta, Shawnee County Sheriff; Joan M. Hamilton, former Shawnee County District Attorney; Joel W. Meinecke, Shawnee County Assistant District Attorney; Tony W. Rues, Shawnee County Assistant District Attorney; James Joseph Welch, State of Kansas Assistant Attorney General; Jack Metz; Daniel Jaramillo; Scott Holladay; Phillip Blume; and Diane Gordy. Plaintiff contends that his First and Fourteenth Amendment rights have been violated by the defendants. He also asserts supplemental claims of malicious prosecution and outrage. This matter is presently before the court upon the following motions filed by defendant Gordy: (1) to dismiss or for summary judgment; and (2) for sanctions.

### I.

This case arises from the defendants' participation or involvement in (1) two criminal cases where the plaintiff was a criminal defendant, (2) an unemployment hearing where plaintiff was a claimant, and (3) an arbitration hearing involving plaintiff's termination from his employment with the Shawnee County Sheriff's Office.

Gordy is employed as a nurse in Dr. Richard Iliff's office and has been so employed for a number of years. Timothy A. Oblander was a partner of the plaintiff at the Shawnee County Sheriff's Department. Deputy Oblander was a patient of Dr. Iliff in 1995 and 1996.

In April 1999, Deputy Oblander was charged with various crimes. The charges arose from his alleged drug use while he was a deputy sheriff. On April 19, 1999, Shawnee County District Attorney Joan M. Hamilton filed a two-count perjury complaint against then Shawnee County Sheriff Dave Meneley. On the next day, Hamilton filed a two-count perjury complaint against plaintiff. In the complaint, Hamilton alleged that on February 22, 1999 and March 10, 1999, plaintiff testified falsely that he did not know Deputy Oblander used illegal drugs in the course of his employment with the Shawnee County Sheriff's Department.

On May 20, 2000 plaintiff was terminated from his position with the Shawnee County Sheriff's Department. On June 13, 2000 plaintiff was acquitted of the perjury charges. Thereafter, Shawnee County sought to deny unemployment benefits to plaintiff. Two hearings were held on this issue in July and August 2000. Plaintiff ultimately received unemployment benefits. Plaintiff also appealed his termination. An arbitration hearing was held on March 2, 2001. Gordy testified at the arbitration hearing. In June 2001, the arbitrator awarded plaintiff fourteen months back pay, but upheld his termination.

On July 12, 2000, Hamilton filed a motion in the case involving Meneley seeking to add Gordy as a witness. Hamilton indicated that she sought to introduce certain medical records contained in Oblander's file at Dr. Iliff's office. She further indicated that she had only learned of the notes contained in these records after the acquittal in plaintiff's perjury case. The Meneley trial was conducted in August 2000.

On August 31, 2000 Hamilton filed a second two-count perjury complaint against plaintiff. In the complaint, Hamil-

ton alleged that plaintiff testified falsely on June 12, 2000 and June 13, 2000 that he did not know that Deputy Oblander used illegal drugs in the course of his employment with the Shawnee County Sheriff's Department or that he had been in treatment at Valley Hope Hospital for cocaine addiction. The second complaint was subsequently dismissed by Judge Daniel Mitchell based on collateral estoppel.

The second perjury charges were brought by Hamilton allegedly based on the information contained in the Oblander medical files that were at Dr. Iliff's office. The information contained notes allegedly made by Gordy on June 27, 1995. The notes indicated that plaintiff had appeared at Dr. Iliff's office on June 27th and requested a referral for his partner for an inpatient admission to Valley Hope Hospital, a center for drug and alcohol treatment. According to the notes, plaintiff told Gordy that he had no idea Deputy Oblander was addicted to crack cocaine until he came into the office and found Deputy Oblander using crack cocaine that had been seized as evidence.

The claims against Gordy arise from the notes in Oblander's medical records. In his complaint, plaintiff alleges the following:

> 27. On or about July 26, 2000, Joan M. Hamilton did conspire with Nurse Diane Gordy to manufacture evidence by having Nurse Gordy fill in bogus "nurse's notes" in the medical records of Timothy P. Oblander in an attempt to further wrongfully and maliciously prosecute John Franklin Good, and to keep him from testifying on his own behalf or on Dave Meneley's behalf.

## II.

Gordy argues initially that plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. Gordy asserts that plaintiff's constitutional claims must be dismissed because she was not acting under color of state law. Gordy further argues that she is entitled to summary judgment because the record does not show she conspired with Hamilton to prosecute the plaintiff.

 Pursuant to 42 U.S.C. § 1983, any person who "under color of ... [law] ... subjects, or causes to be subjected, ... any [person] ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." To state a claim for relief in a § 1983 action, a plaintiff must assert that he was (1) deprived of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed under color of state law. See *American Manufacturers Mutual Insurance Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir.1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). All well-pleaded factual allegations in the complaint must be accepted as true, see *Ash Creek Mining Co. v. Lujan,* 969 F.2d 868, 870 (10th Cir.1992), and viewed in the light most favorable to the nonmoving party, *Thatcher Enterprises v. Cache County Corp.,* 902 F.2d 1472 (10th Cir.1990).

 It is well settled that when a plaintiff tries to impose § 1983 liability on a private defendant based on a conspiracy theory "the pleadings must specifically present facts showing agreement and concerted action. Conclusory allegations

without supporting facts are insufficient." *Hammond v. Bales*, 843 F.2d 1320, 1323 (10th Cir.1988). When a plaintiff alleges the private defendant conspired with an immune official, "[t]he plaintiff must demonstrate 'the existence of a significant nexus or entanglement between the absolutely immune State official and the private party in relation to the steps taken by each to fulfill the objects of their conspiracy.'" *Id.* (quoting *Norton v. Liddel*, 620 F.2d 1375, 1380 (10th Cir.1980)).

■ There is no allegation by plaintiff that Gordy, as a nurse for a doctor in private practice, is a state actor. Thus, for the purposes of analyzing plaintiff's § 1983 claim, the court shall consider Gordy a private actor. In order to hold a private actor liable under § 1983, it must be shown that the conduct allegedly causing the deprivation of a federal right be "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). A private individual's conduct is "fairly attributable to the state" if two conditions are met:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. Second, the private party must have acted together with or . . . obtained significant aid from state officials or engaged in conduct otherwise chargeable to the State.

*Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir.1996) (quoting *Wyatt v. Cole*, 504 U.S. 158, 162, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992) (internal quotations and citation omitted)); see also *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir.1995) (identifying four tests for determining whether particular conduct constitutes state action).

■ Plaintiff has suggested that state action is present here because Gordy conspired with Hamilton to deprive him of certain constitutional rights. Under the "joint action" test, a § 1983 claim may arise when a private actor conspires with a state actor to deprive a person of constitutional rights under color of state law. See *Gallagher*, 49 F.3d at 1453. Thus, applying the standards governing a Rule 12(b)(6) motion, the court must determine whether plaintiffs can prove any set of facts establishing that Gordy and Hamilton acted in concert in effecting a particular deprivation of plaintiff's constitutional rights.

Here, the court is not entirely persuaded that plaintiff has adequately alleged a conspiracy to deprive him of his constitutional rights. The allegations referring to the conspiracy between Gordy and Hamilton are vague and conclusory. Moreover, the facts showing agreement and concerted action by Gordy and Hamilton lack specificity. Nevertheless, we find it unnecessary to reach this issue because plaintiff's claims against Gordy are easily resolved when summary judgment standards are applied.

Thus, the court turns to Gordy's motion for summary judgment. Gordy has argued that there is no evidence to support the plaintiff's allegation of a conspiracy. Gordy points out that there is no evidence of any agreement with Hamilton.

In considering the defendant's motion for summary judgment, the court must examine all the evidence in the light most favorable to the plaintiff. *Barber v. General Electric Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir.1981). Summary judgment is proper only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under this rule, the initial burden is on the moving party to show the court "that there is an absence of evidence to support the

nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party's burden may be met when that party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323.

Once the moving party has met these requirements, the burden shifts to the party resisting the motion. The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The party resisting the motion may not rest upon the mere allegations or denials of his pleadings to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The mere existence of a scintilla of evidence will not avoid summary judgment; there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. *Id.* at 251 (quoting *Improvement Co. v. Munson,* 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)).

 To prove a conspiracy between private parties and the state under § 1983, the plaintiff must show a joint participation, agreement, or "meeting of the minds" to violate constitutional rights. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Anaya v. Crossroads Managed Care Systems,* 195 F.3d 584, 586 (10th Cir.1999). There must be sufficient evidence of a conspiracy to prevent the jury from "engag[ing] in sheer speculation and conjecture." *Six v. Henry,* 42 F.3d 582, 585 (10th Cir.1994). The plaintiff must specifically present facts "tending to show agreement and concerted action." *Hunt v. Bennett,* 17 F.3d 1263, 1268 (10th Cir.1994).

 Plaintiff has pointed to the following as evidence of a conspiracy between Gordy and Hamilton: (1) plaintiff's affidavit in which he denied that he met with Gordy on June 27, 1995, or had ever met Gordy; (2) Gordy's inability to correctly describe plaintiff's appearance on June 27, 1995 at the arbitration hearing on March 2, 2001; (3) evidence that some of the notes contained in the June 27th medical records were incorrect or inaccurate; (4) evidence about the appearance of the notes in the medical records; (5) uncontroverted evidence that Gordy and Hamilton met in the summer or early fall of 2000 to discuss testimony in *State v. Meneley;* and (6) evidence that Hamilton was aware of the information in the medical notes prior to the time she received authorization to examine those notes. Plaintiff has acknowledged that his allegation that the notes were first written on or about July 26, 2000 is probably not accurate. He suggests that the "on or about" language gives him some latitude, but he admits that the notes must have been prepared some time after June 13, 2000 and prior to July 12, 2000. He has asked for leave to amend his complaint if the court finds this allegation a problem.

After a thorough review of the evidence before the court, the court has determined that plaintiff has failed to demonstrate sufficient evidence of a conspiracy between Gordy and Hamilton to produce the "bogus notes." There is no evidence in the record of any agreement between Gordy and Hamilton. While the court recognizes that such evidence may be difficult to procure, we also understand that the plaintiff has the burden to produce sufficient evidence of a conspiracy. Here, a jury would be forced to engage in sheer speculation and conjecture. Some of the evidence pointed to by the plaintiff suggests that the notes may have been "bogus," but it does not support the notion that Hamilton was involved in the fraud. Plaintiff is able to point to only one meeting, and there is no evidence of any agreement or concerted

action to produce the "bogus notes" at that meeting. In sum, the court finds it necessary to grant Gordy's motion for summary judgment on plaintiff's § 1983 claims.[1]

The court shall next turn to plaintiff's claim against Gordy for intentional infliction of emotional distress, also referred to as outrage. Gordy suggests that the court should decline to exercise supplemental jurisdiction over this claim in the absence of any separate jurisdictional basis for the claim. We agree.[2] See 28 U.S.C. § 1367(c); *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir.1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Accordingly, plaintiff's outrage claim against Gordy is hereby dismissed without prejudice.

### III.

Finally, the court shall consider Gordy's motion for sanctions. Gordy seeks sanctions against plaintiff and/or plaintiff's counsel because plaintiff's claims lack a factual and legal basis.

Rule 11 of the Federal Rules of Civil Procedure states that when a party or attorney presents to a court a pleading, motion or other paper, that party or attorney is certifying that to the best of their knowledge, information and belief, formed after a reasonable inquiry into the facts, that:

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed.R.Civ.P. 11(b).

Rule 11(c) grants the court discretionary authority to issue appropriate sanctions for violations of Rule 11(b). Fed.R.Civ.P. 11(c) (stating the court *may* impose sanctions if it finds a violation of subdivision (b)). To avoid sanctions, the attorney's conduct must be objectively reasonable under the circumstances. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir.1990); *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir.1988).

Although the court has granted summary judgment to the defendant on plaintiff's § 1983 claims, the court does not believe that sanctions should be awarded to Gordy. The court is not persuaded that the actions of plaintiff or his counsel were objectively unreasonable. Accordingly, the court shall deny Gordy's motion for sanctions.

---

1. In reaching this conclusion, the court notes that discovery has been stayed in this case pending the resolution of the pending motions. The court finds that summary judgment can properly be granted because plaintiff has made no assertion that the stay of discovery has impacted his response to Gordy's motion. Moreover, plaintiff has failed to make the requisite showing for the need for additional discovery under Fed.R.Civ.P. 56(f).

2. Even if the court were to consider the merits of plaintiff's claim, we are not persuaded that plaintiff has alleged facts that support a claim of intentional infliction of emotional distress. Plaintiff has alleged only that Gordy committed perjury in testifying at his arbitration hearing. Such an allegation in Kansas does not give rise to an outrage claim. See *Allin v. Schuchmann*, 886 F.Supp. 793, 799–800 (D.Kan.1995) (testifying falsely in criminal case is not so extreme and outrageous to allow claim for intentional infliction of emotional distress).

**IT IS THEREFORE ORDERED** that defendant Gordy's motion to dismiss or for summary judgment (Doc. # 33) be hereby granted. The court shall award summary judgment to defendant Gordy and against the plaintiff on the claims asserted under 42 U.S.C. § 1983. The court shall not exercise supplemental jurisdiction over plaintiff's state law claim of intentional infliction of emotional distress.

**IT IS FURTHER ORDERED** that defendant Gordy's motion for sanctions (Doc. # 42) be hereby denied.

**IT IS SO ORDERED.**