**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LISA FERGUSON,

      Plaintiff-Appellant,

v.

STATE OF OKLAHOMA, Oklahoma
Secretary of State,

      Defendant-Appellee.

No. 99-6320
(D.C. No. 98-CV-1114)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR**, **BALDOCK**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Lisa Ferguson brought this action against her former employer, the State of Oklahoma Secretary of State, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12111-12117, and the Oklahoma Human Rights Act, specifically claiming that the State failed to reasonably accommodate her disability and eventually terminated her employment. The district court granted summary judgment in favor of the State on both claims, and Ms. Ferguson appeals.

Subsequent to the district court's action and the parties' briefing on appeal, the Supreme Court held that the Eleventh Amendment bars suits against states for money damages under the ADA, effectively overruling a decision of this court to the contrary. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 121 S. Ct. 955 (U.S. 2001) (overruling *Cisneros v. Wilson*, 226 F.3d 1113, 1124 (10th Cir. 2000)). Therefore, both this court and the district court lack subject matter jurisdiction over Ms. Ferguson's ADA claim, and it must be dismissed. *See Maier v. U.S. EPA*, 114 F.3d 1032, 1036 (10th Cir. 1997) (federal courts have independent duty to examine their jurisdiction).

The parties and the district court have indicated that the Oklahoma Human Rights Act provides a state law cause of action virtually identical to that provided by the ADA, presumably under Okla. Stat. tit. 25, §§ 1302, 1901. The district court apparently asserted supplemental jurisdiction over this claim pursuant to

28 U.S.C. § 1367. Supplemental jurisdiction, however, can no longer be sustained because of the lack of original federal jurisdiction over the ADA claim. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996) ("[S]ince a court must have original jurisdiction in order to exercise supplemental jurisdiction, a dismissal [for lack of subject matter jurisdiction] precludes a district court from exercising supplemental jurisdiction over related state claims.").

In a letter to this court, Ms. Ferguson has acknowledged that *Garrett* requires that her case be dismissed from federal court, but she requests that we allow the district court to transfer the case to state court so she may pursue her state law remedy. She apparently would face statute-of-limitations problems if she has to refile her claims in state court. Regrettably, we know of no law permitting us to transfer a case from federal court to state court in this situation.

The appeal is DISMISSED for lack of jurisdiction. The judgment of the district court is VACATED, and the matter is REMANDED to the district court with instructions to dismiss the action, without prejudice, for lack of jurisdiction.

Entered for the Court


Stephanie K. Seymour
Circuit Judge