Gustavo BARRAGAN, Luz Patricia Barragan, and Estrella Barragan, a minor, through her natural parents and next friends, Gustavo Barragan and Luz Patricia Barragan, Plaintiffs,

v.

ST. CATHERINE HOSPITAL,
and Valerie Rowan, R.N.,
Defendants.

No. 02–2433 CM.

United States District Court,
D. Kansas.

April 20, 2004.

Victor A. Bergman, Shamberg, Johnson & Bergman, Chtd., Kansas City, MO, for Plaintiffs.

Christopher S. Cole, Steven C. Day, Woodard, Hernandez, Roth & Day, Laurie Kathleen Kahrs, Office of United States Attorney, Wichita, KS, Thomas L. Theis, Stephen L. Martino, Foulston Siefkin LLP, Topeka, KS, Jeff K. Brown, M. Bradley Watson, Scott K. Logan, Logan & Logan, L.C., Prairie Village, KS, David D. Zimmerman, Office of United States Attorney, Kansas City, KS, Scott M. Adam, Sean T. McGrevey, McCormick, Adam & Long, P.A., Christina L. Ingersoll, Daniel P. Hanson, Hanson & Gurney, Overland Park, KS, for Defendants.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Plaintiffs' claims in this matter are traditional state law allegations of medical malpractice arising from the birth of Estrella Barragan at St. Catherine Hospital (the Hospital) in Garden City, Kansas, on September 15, 2000. In their pleadings, plaintiffs allege that Estrella Barragan suffered severe brain and central nervous system injury, leaving her permanently disabled as a result of defendants' negligence. Plaintiffs also allege personal injury to Luz Barragan, including the necessity of a hysterectomy, as a result of defendants' negligent care. This matter is before the court on defendant St. Catherine Hospital's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 96).

## I. Background Facts

On September 11, 2002, Gustavo and Luz Barragan filed this action alleging medical negligence against the Hospital, James W. Bruno, M.D., Denise C. Harkness, R.N., and Valerie Rowan, R.N. The court had subject matter jurisdiction over the Barragan's claims, the value of which exceeds $75,000, because Gustavo and Luz are citizens of Mexico, while the defendants are domiciled in Kansas.

On March 13, 2003, Gustavo and Luz filed their First Amended Complaint, asserting Estrella Barragan's individual claim against defendants. Estrella Barragan was born in Garden City, Kansas, and is, therefore, a Kansas resident. The First Amended Complaint also added the United States Department of Health and Human Services, United Methodist Western Kansas Mexican–American Ministries, Inc., and Karen L. Nonhoff, M.D. (hereinafter collectively referred to as the "FTCA defendants") as defendants. All claims brought against the FTCA defendants were brought under the Federal Tort Claims Act (FTCA).

By stipulation of the parties, plaintiffs dismissed their claims against the FTCA defendants. As a result, all of the parties who were subject to claims covered by the Federal Tort Claims Act were dismissed from this action.

## II. Standards

"Federal courts are courts of limited jurisdiction; they must have a stat-

utory basis for their jurisdiction." *Morris v. City of Hobart,* 39 F.3d 1105, 1111 (10th Cir.1994). There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331. First, under 28 U.S.C. § 1332, federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 in controversy exist. Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction. In addition, if the court has federal question or diversity jurisdiction over some claims, it may exercise supplemental jurisdiction over state law claims.

### III. Discussion

 The Hospital argues that this court lacks subject matter jurisdiction because of the lack of complete diversity. As a general rule, a federal court lacks subject matter jurisdiction in a diversity action where there is not complete diversity between the opposing parties, meaning that no plaintiff may reside in the same state as any one defendant. This rule, however, does not require dismissal of claims against nondiverse defendants if plaintiff has an independent basis of jurisdiction. *Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354, 381, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). However, the mere presence of nondiverse parties who are proper, but not indispensable under Fed. R.Civ.P. 19, will not defeat jurisdiction if the court exercises its discretion under Fed.R.Civ.P. 21 to dismiss the suit as against those parties. *Jett v. Phillips &*

*Assocs.,* 439 F.2d 987, 989–90 (10th Cir. 1971).

In this case, plaintiffs' initial Complaint properly alleged diversity jurisdiction: Both Gustavo and Luz Barragan are citizens of Mexico, while the defendants reside in Kansas. Accordingly, diversity jurisdiction existed pursuant to that Complaint.

Upon the filing of the Amended Complaint, diversity jurisdiction no longer exists in this case since plaintiffs added claims asserted by Estrella Barragan: Estrella, a Kansas resident, lacks diversity of citizenship with defendants. However, under the Amended Complaint, the court possessed federal question jurisdiction over those claims asserted pursuant to the FTCA, and, as such, the court enjoyed supplemental jurisdiction over plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367. Accordingly, upon the filing of the Amended Complaint, supplemental jurisdiction over plaintiffs' claims against the Hospital and the other non-FTCA defendants existed, if at all, solely because those were supplemental to the FTCA claims, over which the court had federal question jurisdiction. The parties thereafter stipulated to the dismissal of the FTCA defendants.

 Plaintiffs only remaining claims are for the state law tort of medical negligence. There is no diversity of citizenship. Because the parties have by stipulation dismissed plaintiffs' federal claims, those claims over which the court had original jurisdiction, the court must determine whether to exercise its supplemental jurisdiction over plaintiffs' remaining state law claims.[1]

---

1. Had the court dismissed plaintiffs' FTCA claims based on lack of jurisdiction, the court would enjoy no discretion in determining whether to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. Dismissal of a federal claim for lack of jurisdiction "precludes a district court from exercising supplemental jurisdiction over related

■ Under § 1367(c), when all federal claims have been dismissed from a case, supplemental state claims will ordinarily be dismissed without prejudice. *Roe v. Cheyenne Mountain Conference Resort,* 124 F.3d 1221, 1237 (10th Cir.1997). With that said, whether to exercise supplemental jurisdiction is within the district court's sound discretion. *Brinkman v. State Dept. of Corr.,* 863 F.Supp. 1479, 1488 (D.Kan.1994). Discretion to try state law claims in the absence of any federal claims should only be exercised in those cases in which judicial economy, convenience, and fairness would be served by retaining jurisdiction. *Thatcher Enters. v. Cache Corp.,* 902 F.2d 1472, 1478 (10th Cir.1990).

The instant case has been pending in this court for over one and one-half years. To date, the parties have conducted factual discovery, including the exchange of initial disclosures, interrogatory responses, document productions, and at least eleven witnesses have been deposed. The court notes, however, that discovery has not closed, and the court is not faced with this issue on the eve of trial. Rather, the trial of this matter is set for May 2005, more than one year away.

However, looking to all the circumstances involved in this case, the interests of judicial economy and convenience weigh in favor of continued jurisdiction over plaintiffs' claims. If the court exercises supplemental jurisdiction, all those claims arising out of the events surrounding the birth of Estrella will be litigated in a single lawsuit, in a single forum, thereby advancing the objectives of judicial economy and convenience of the parties. As proffered

by Gustavo and Luz Barragan, each has elected to pursue their claims in federal court in light of the alleged drawbacks of a lawsuit brought by two Mexican immigrants against the Hospital[2] in Garden City, Kansas. In the event that the court declines to exercise supplemental jurisdiction, Gustavo and Luz Barragan already have moved the court to amend their complaint to voluntarily dismiss Estrella or, alternatively, request the court to dismiss Estrella's claims without prejudice and proceed with Gustavo and Luz's claims. Complete diversity would then exist and, as such, this federal case against the Hospital, in all likelihood, would remain in this court. Gustavo and Luz Barragan state that they would then file an additional lawsuit in state court on behalf of Estrella. Such an action would create parallel proceedings in a separate forum, require the parties to duplicate their efforts, and waste judicial resources. In sum, declining supplemental jurisdiction in these circumstances would simply create an *additional* lawsuit filed by Estrella in state court against the same defendants. The court determines that judicial economy, convenience, and fairness would be served by retaining jurisdiction and, accordingly, exercises supplemental jurisdiction over plaintiffs' state law claims.

**IT IS THEREFORE ORDERED** that St. Catherine Hospital's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 96) is denied.

state claims." *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1188 (2d Cir. 1996); *see also Ferguson v. Oklahoma Sec'y of State,* 6 Fed.Appx. 797 (10th Cir.2001) ("Supplemental jurisdiction, however, can no longer be sustained because of the lack of original federal jurisdiction over the ADA claim."). In

this case, however, the parties stipulated to the dismissal of plaintiffs' federal claims. As such, the court has discretion to determine whether to exercise supplemental jurisdiction.

2. Plaintiffs claim that the Hospital is Kansas's largest.